UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TREVENIA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01154-JPH-MJD |
| | ) | |
| DENIS MCDONOUGH, Secretary, U.S. | ) | |
| Department of Veterans Affairs,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Trevenia Brown has sued the Secretary of the United States
Department of Veterans Affairs ("VA"), alleging failure to accommodate her
disability (Count I), hostile work environment (Count II), and unlawful
disclosure of medical information (Count III). Dkt. 12 at 1, 9–10. The VA has
moved to dismiss Count III of her amended complaint for failure to state a
claim. Dkt. [13]. For the reasons below, that motion is **DENIED**.

**I.**
**Facts and Background**

Because the VA has moved for dismissal under Rule 12(b)(6), the Court
accepts and recites "the well-pleaded facts in the complaint as true." *McCauley
v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

---

[1] Secretary of Veterans Affairs Denis McDonough has been substituted for former Secretary
Robert Wilkie. Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a
party.").

In September 2011, Ms. Brown started work as a Veterans Service Representative with the VA in Indianapolis. Dkt. 12 at 3 ¶ 18. Ms. Brown "was rated . . . fully successful" from September 2011 through April 2014. *Id.* ¶ 19.

Ms. Brown suffers from hidradenitis suppurativa, "a painful medical condition that, when flared, creates painful nodules and cysts on [her] arms, breasts, and hip/pelvic region" that "can be debilitating." *Id.* ¶¶ 23–24. During a flare, Ms. Brown endures "extreme pain" and "is limited in her ability to walk, bathe, lift, bend, and work." *Id.* ¶ 25. In June 2013, the VA approved Ms. Brown's request for "intermittent leave" under the Family Medical Leave Act ("FMLA") for her disability. *Id.* at 4 ¶ 27.

Over time, Ms. Brown's disability became "more active and painful," so she took more time off from work." *Id.* ¶¶ 28–29. This exhausted her available leave days and forced her to "seek donated time to cover periods when her condition made it too painful to work." *Id.* Ms. Brown and her dermatologist decided that she should move to Florida, where specialists could treat her and where her family could "assist her in dealing with the psychological impact of her disability." *Id.* ¶ 30.

Assistant Service Center Manager Ena Lima served as Ms. Brown's "second level supervisor," and Office Director Michael Stephens acted as her "third level supervisor." *Id.* at 3 ¶¶ 20–22, 5 ¶ 35.

On January 17, 2014, Ms. Brown requested a transfer to the VA's regional office in St. Petersburg, Florida, explaining that her "FMLA condition was becoming aggravated, making it hard for her to be successful in her

career," *id.* at 4 ¶¶ 31–32, but Mr. Stephens denied the transfer request, *id.* at 5 ¶ 37.

The next month, Ms. Brown again requested reassignment for medical reasons to the St. Petersburg, Florida field office. *Id.* ¶ 41. Her request included a letter from physician Dr. Robert Huff describing her hidradenitis suppurativa as "chronic, unpredictable, leading to secondary bacterial infections and scarring, causing debilitating pain and psychological impacts, and frequently needing medical and surgical intervention." *Id.* ¶¶ 43–44.

On February 10, 2014, Ms. Lima notified Ms. Brown that her request for reassignment was denied. *Id.* at 6 ¶ 46. This notice included details about Ms. Brown's disability and "was sent to several individuals who did not have reason to know the details of [her] disability, including Yvonne Hamilton, Debra Street, and Adam Kinder." *Id.* ¶¶ 47–48. This caused Ms. Brown "emotional harm, mental stress, shame, embarrassment, and anxiety." *Id.* ¶ 49.

Ms. Brown filed this action against the VA Secretary in his official capacity, alleging three counts under the Rehabilitation Act for (1) unlawful failure to accommodate her disability, (2) hostile work environment, and (3) improper disclosure of medical information. *Id.* at 1, 9–11. The VA has moved to dismiss the last count for failure to state a claim. Dkt. [13].

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted."

Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A facially plausible claim is one "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true" but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim."  *McCauley,* 671 F.3d at 616.

### III.
### Analysis

Under the Rehabilitation Act, an employer must treat any "information obtained regarding [an employee's] medical condition or history . . . as a confidential medical record, except that . . . supervisors and managers may be informed regarding necessary restrictions on the work or duties of the employee and necessary accommodations."  42 U.S.C. § 12112(d)(4)(C) (incorporating 42 U.S.C. § 12112(d)(3)(B)(i)); *see* 29 U.S.C. § 791(f).  To succeed on a § 12112(d)(4)(C) claim, a plaintiff must show that the defendant (1) "obtained [the plaintiff's] medical information through employment-related medical examinations and inquiries"; (2) did not treat that information as confidential; and (3) caused the plaintiff to "suffer[] a tangible injury as a result

of the disclosure." *Foos v. Taghleef Indus., Inc.*, 132 F.Supp.3d 1034, 1050 (S.D. Ind. 2015).

The VA argues that Ms. Brown's allegations do not support the last element, dkt. 14 at 1–2, which requires a plaintiff to "show some tangible injury-in-fact caused by the § 12112(d) violation," *O'Neal v. City of New Albany*, 293 F.3d 998, 1007 (7th Cir. 2002),[2] because she has "not allege[d] any specific facts relating to the alleged emotional harms," dkt. 14 at 3.[3]  Ms. Brown responds that she has offered enough factual details to support her claim of emotional harm.  Dkt. 17 at 2–3 (citing dkt. 12 at 6 ¶¶ 47–49).

Ms. Brown's amended complaint alleges that the VA disclosed details about her disability—which "creates painful nodules and cysts on [her] arms, breasts, and hip/pelvic region" and limits her ability "to walk, bathe, lift, bend, and work," dkt. 12 at 3 ¶¶ 24–25—to "individuals who did not have reason to know" the information," *id.* at 6 ¶¶ 47–48.  She claims that she suffered "emotional harm, mental stress, shame, embarrassment, and anxiety due to [the] disclosure." *Id.* ¶ 49.

The amended complaint thus supplies the "specific facts" necessary to give the VA "fair notice of what the claim is and the grounds upon which it

---

[2] *O'Neal* noted that the "tangible injury" requirement had only been applied in cases involving a plaintiff without a disability.  *Id.*  Because Ms. Brown has a disability, dkt. 12 at 3 ¶ 26, it's unclear whether she needs to make a showing of a "tangible injury."  Because her allegations support that element, the Court does not address that question.

[3] The VA does not dispute that emotional injury can suffice.  *See* dkt. 19 at 2; *Kyles v. J.K. Guardian Sec. Servs., Inc.*, 222 F.3d 289, 300 (7th Cir. 2000) (noting that the Seventh Circuit has "long recognized that humiliation, embarrassment, and like injuries . . . constitute cognizable and compensable harms").

rests." *McCauley*, 671 F.3d at 616; *Twombly*, 550 U.S. at 555 (citation omitted).  Her complaint describes the emotional harm she experienced because of the VA's conduct, *see* dkt. 12 at 6 ¶ 49, and that is enough, *Disability Rights Wisconsin, Inc. v. Walworth Cty. Bd. of Supervisors*, 522 F.3d 796, 800 (7th Cir. 2008) ("[A]t the pleading stage, general factual allegations of injury resulting from defendant's conduct may suffice.") (citation omitted).[4] Because Ms. Brown has adequately alleged tangible injury arising from disclosure of her medical information, VA's motion to dismiss fails on this ground.

## IV.
## Conclusion

For the reasons discussed above, the VA's motion to dismiss Count III, dkt. [13], is **DENIED**.

**SO ORDERED.**

Date: 5/3/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[4] To the extent that the VA argues for dismissal based on plausibility, a disclosure of sensitive medical information to colleagues could plausibly lead to the type of "emotional harm, mental stress, shame, embarrassment, and anxiety" that Ms. Brown claims.  *See* dkt. 12 at 6 ¶ 49; *Doe v. U.S. Postal Serv.*, 317 F.3d 339, 344 (D.C. Cir. 2003) (identifying ADA's goal of helping employees avoid "the blatant and subtle stigma that attaches to being identified as disabled").

Distribution:

Denise M. Clark
CLARK LAW GROUP, PLLC
dmclark@benefitcounsel.com

Jackson Taylor Kirklin
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
taylor.kirklin@usdoj.gov