UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TREVENIA BROWN, | ) |
|     Plaintiff, | ) ) ) |
|     v. | ) ) Cause No: 1:20-cv-01154-JPH-MJD |
| ROBERT WILKIE, SECRETARY OF THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | ) ) ) ) |
|     Defendant. | ) ) |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant hereby responds to the First Set of Interrogatories served by Plaintiff.

## GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's Interrogatories to the extent they purport to require more of Defendant than is required under the Federal Rules of Civil Procedure.

2. Defendant objects to Plaintiff's Interrogatories to the extent they seek information protected by the attorney-client privilege, the work product doctrine, the Privacy Act of 1974, or any other applicable statute, regulation, doctrine, or privilege.

3. Discovery is ongoing, and the Defendant makes these answers based on its present understanding of the case and on information reasonably available to it at this time. Defendant reserves the right to amend or supplement these answers as additional information is discovered.

## ANSWERS TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:** Ms. Lima's February 10, 2014 correspondence to Plaintiff (page 203 of the Report of Investigation) states that Michael Stephens, Yvonne Hamilton, Jim Dean, Debra Street, and Adam Kinder received a copy of the document.

(a) Identify the title, duty, and responsibilities of Michael Stephens, Yvonne Hamilton, Jim Dean, Debra Street, and Adam Kinder on February 10, 2014;

(b) State whether Defendant asserts that these individuals had a reason to know the details of Plaintiff's disability as described in the correspondence; and

(c) If (b) was answered in the affirmative, state why Defendant asserts that these individuals had a reason to know the details of Plaintiff's disability as described in the correspondence.

**ANSWER:** Defendant objects to this interrogatory as disproportionate to the needs of this litigation, in that it seeks information that is equally available to Plaintiff by less burdensome means. Defendant further objects to this interrogatory to the extent that it misconstrues the factual record. Plaintiff affirmatively disclosed her medical condition to Michael Stephens (Director of Veteran Service Center) and Jim Dean (Veteran Service Representative Authorizer) in her "Request for Reassignment for Medical Reasons," dated February 6, 2014. [DEF000255.] Given that Plaintiff herself disclosed her medical information to these individuals, to the extent that the inclusion of these individuals in this interrogatory is intended to suggest that Ms. Lima's correspondence of February 10, 2014, "disclosed details of Ms. Brown's disability" to Mr. Stephens or Mr. Dean, that is baseless. [Filing No. 12 at 11 (Am. Compl. ¶ 95).]

Defendant further objects to this interrogatory's characterization of Ms. Lima's February 10 letter as disclosing the "details" of Plaintiff's medical condition. Ms. Lima's correspondence stated Plaintiff had claimed to suffer from a "serious chronic medical condition" in the nature of a "dermatological disorder." [DEF000203.] Indeed, Ms. Lima's correspondence used more generalized terms for Plaintiff's condition than those that Plaintiff used in her February 6 letter. [*Compare* DEF000255 *with* DEF000203.]

Subject to, and notwithstanding these objections, Defendant states that Yvonne Hamilton (Assistant Director of Veteran Service Center), Debra Street (Assistant Veteran Service Center Manager), and Adam Kinder (Assistant Veteran Service Center Manager) were managerial officials who had responsibility for operations of the Veteran Service Center and occupied positions in Plaintiff's chain of command. Plaintiff's February 6 reassignment request purported to be issued under the 2011 VA/AFGE Master Agreement. [DEF000255.] Ms. Lima's response included these individuals because, by virtue of their positions within Plaintiff's chain of command, they had need to know of Plaintiff's request under the union master agreement.

## AFFIRMATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on the _5th___ day of February, 2021.

*Ena Lima*
_____

## SIGNATURE AS TO OBJECTIONS

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

By: */s/ J. Taylor Kirklin*
J. Taylor Kirklin
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, I caused a true and correct copy of Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories to be served on the following counsel via email:

Denise M. Clark
CLARK LAW GROUP, PLLC
dmclark@benefitcounsel.com

*/s/ J. Taylor Kirklin*
J. Taylor Kirklin

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN  46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027
E-mail: taylor.kirklin@usdoj.gov