**November 27, 2013**  VA HANDBOOK 5975.1

(1) Modifying a cubicle to allow room for a wheelchair or scooter.

(2) Restructuring of marginal (non-essential) job functions which cannot be performed because of functional limitations.

(3) Allowing a modified work schedule or telecommuting for an individual who has a disability that makes commuting difficult.

(4) Obtaining screen-reader software for an individual who is blind.

(5) Printing examinations and training materials in large font.

(6) Providing interpreters or captioning services for an employee who is deaf.

(7) Ensuring that training is offered only at fully accessible facilities.

(8) Providing an assigned accessible parking space close to the building entrance and the employee's office is a routine accommodation that should be granted for an individual with a mobility impairment.

(9) Allowing an employee to use a service animal in the workplace.

(10) Reassignment to another position. This is the accommodation of last resort and will be considered only if there are no other accommodations available that will enable the employee to perform the essential functions of his or her current job. Reassignment should be initiated by the DMO, in collaboration with the HRMO. The interactive process is especially critical when reassignment is being considered.

   b. When the disability is known or documented, supervisors should grant accommodation requests, if feasible. Decisions should be made at the lowest level to ensure timeliness and efficiency. Facility Directors should not serve as the DMO except for employees who report directly to them. This allows the appeal process for most employees to stay within the facility.

   c. Once an accommodation request is approved for a permanent disability/functional limitation, the employee should be allowed to keep the accommodation after the DMO no longer supervises the employee. In rare instances, the accommodation may need to be changed, but the DMO and LRAC should first check with RC, OGC, or NRAC before making any changes that are not requested by the employee. The accommodation, including necessary equipment and software, also "goes with" the employee when transferring to a new VA location. If an employee's job duties change, the LRAC may check to verify that the current accommodation is still needed and effective.

**16. REASSIGNMENT AS A REASONABLE ACCOMMODATION FOR EMPLOYEES.**

   This is the accommodation of last resort and will be considered only if there is no other accommodation available that will enable the employee to perform the essential functions of

27

DEF000345

**VA HANDBOOK 5975.1**                                         November 27, 2013

his or her current job, and the employee has a permanent or long-term disability. (If the employee has a temporary disability, a detail may be an appropriate accommodation.) Reassignment should be initiated by the LRAC, in collaboration with the HRMO. The interactive process is especially critical when reassignment is being considered.

   a. Reassignments are non-competitive and ideally are made to a position that has not been announced.

   b. Before the organization conducts a search, it may require the requestor to indicate, in writing on VA Form 0857h, Employee Limitations on Reassignment Options, whether he or she is willing to accept reassignment to:

      (1) a job series that is different from the series of his or her current position and if so, which job series;

      (2) locations outside the facility or the commuting area, and if so, which locations

      (3) a lower grade position, if there are no vacant equivalent position; and/or

      (4) a part-time position;

   c. Reassignment should be to a funded, vacant position, or to a funded position that will be vacant within sixty (60) calendar days from the date the organization commences a search for an appropriate position. The reassignment is non-competitive. Most reassignment processes should be completed within ninety (90) calendar days.

   d.  The employee's HR Office will:

(1) Obtain the employee's resume and search for suitable job openings, including positions that will be open within the next 60 days, at their facility. The essential elements of the job will be compared to the individual's resume. The physical requirements of the job as described in the job announcement or position description should not exceed the employee's physical limitations, when appropriate accommodations are considered. HR will email the Service Chiefs, Directors, or other hiring officials at the facility to request information on any vacancies expected to open in the next sixty (60) calendar days, and ask if there are any pending retirements for the job series and pay level identified by the employee.   HR can also review VA vacancies on USAJOBS.

(2) Once a position is identified, HR will consult with the hiring official to confirm the skills sets, duties, etc. that are required, in order to make a qualifications determination. HR should ask whether there are any qualifications or requirements that were not mentioned in the announcement.   At this point, HR <u>should not</u> mention the reassignment attempt.

(3) Once HR has ascertained all of the requirements for the position, it will compare them to the employee's skills, experience and knowledge.  If the employee qualifies for the position

28

DEF000346

and can perform the essential functions of the position, with or without accommodation, HR will inform the hiring official that the position must be held for the employee.

(4) If the employee meets the minimum qualifications for the position identified, the placement should be non-competitive. Thus, there is no interview or ranking process.

(5) If no position is found at the current location, HR will share the employee's resume and job/pay choice with the other facility or facilities identified by the employee. The HR staff at that location or those locations will follow the guidance in (1) to (4) above.

(6) HR will cooperate with any other HR office in VA that asks for a search of suitable positions for an employee who must be reassigned as a disability accommodation. For the purposes of reassignment, all components of VA are considered to be one agency; the employee may request reassignment to any component/facility.

(7) This process will continue until a position is found or 90 (ninety) calendar days expire.

    e. Reassignment in the same location will be sought first but if the employee agrees to a broader search, reassignment can be made to positions in VA facilities and Administrations beyond the organization or facility where the requestor was originally employed. Relocation costs will be provided only if indicated in the vacancy announcement or if relocation expenses are normally paid with respect to the position identified.

    f. The HR staff should explain to the supervisor for the identified vacancy: "Your vacancy was identified as a suitable position for an employee who needs a reassignment as an accommodation. VA is required to follow U.S. Equal Employment Opportunity Commission (EEOC) guidance in this matter; the EEOC interprets agency obligations under the Rehabilitation Act of 1973, as amended. Therefore, this reassignment is non-competitive. The Staffing Specialist reviewed the job description and compared it to the employee's resume, and he was found to be qualified. If you wish to meet the employee before he comes on board, you may do so, but we need to stress that this is not an interview. It has already been decided that this employee will be reassigned to this position. Please note that an individual's disability status is private information and may not be shared with anyone not having a bona fide, business related need to know. I want to thank you for your support of VA's efforts to comply with legal requirements."

    g. Once the OHR of the facility to which the employee will be reassigned has identified an appropriate reassignment, he or she will notify the employee or applicant, in writing. The OHR should also notify the employee's OHR of the job offer.

    h. Reassignment must be considered as an accommodation prior to terminating an employee with a disability who cannot be accommodated in his or her current position. In this situation, reassignment should be considered even if not specifically requested.

    i. Once the job offer is made, the employee's OHR or LRAC will give the employee a completed VA Form 0857j, Offer of Reassignment.

VA HANDBOOK 5975.1                                          November 27, 2013

j. The employee will have fourteen (14) calendar days from his or her receipt of the offer to consider whether to accept the offered reassignment. The identified vacancy must be held open during this time.

k. If the employee is moving to a new location and has VA or CAP issued equipment, that equipment follows the employee to the new location.

l. If other VA employees applied for the slot that will be filled by the reassigned employee, the manager/supervisor at the new location may only tell the unsuccessful candidates that the individual "...was selected in compliance with applicable laws." Under no circumstances should they tell anyone that the individual was placed as a reasonable accommodation, and no mention should be made of the disability.

m. If the requestor has identified a vacant, funded position, the essential functions of which he or she claims he or she can perform, HR must make a sufficient inquiry to determine whether the reassignment proposed by the requestor would effectively accommodate his or her disability, and whether the position is otherwise suitable. If so, the requestor should be offered and placed in the position non-competitively.

n. If HR is unable to identify a suitable position to which the employee can be reassigned, the request will be denied and the employee will be advised as to avenues for redress (Section 19 of this Handbook), using VA Form 0857f.

## 17. PARKING

a. When there are a limited number of employee parking spaces, employees with mobility impairments or a disability that precludes them from using public transportation have priority over all other groups, per Title 41 CFR § 102-74.305. Additional handicapped (HC) spaces will have to be created if a facility does not have enough HC parking spaces for the number of employees with mobility impairments who requested parking as a reasonable accommodation. Facilities may NOT require employees to arrive early in order to get a space. Assigning each HC space to a specific employee is highly recommended.

b. When an employee requests a space near the building as a reasonable accommodation (and goes through the accommodation process), that employee must be provided an assigned space with the shortest route to their workspace. The Americans with Disabilities Act Accessibility Guidelines specify the size of the space and the access area.

c. Every facility that provides any parking spaces to employees MUST have a standardized method for ensuring that employees with mobility impairments receive the parking spaces that are closest to the building if requested, or spaces large enough for egress. This applies to all VA facilities, including leased facilities.