

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Trevenia Brown, a/k/a
Ria T.,[1]
Complainant,

v.

Robert Wilkie,
Secretary,
Department of Veterans Affairs,
Agency.

Appeal No. 2019001818

Hearing No. 470-2015-00017X

Agency No. 200J-0326-2014101376

DECISION

Complainant filed a timely appeal, pursuant to 29 C.F.R. § 1614.403, from the Agency's October 24, 2018 final order concerning an equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq.

At the time of events giving rise to this complaint, Complainant was employed by the Agency as a Veteran Service Representative, GS-0996-10, at its Regional Office in Indianapolis, Indiana. Complainant filed an EEO complaint alleging discrimination and a hostile work environment by the Agency on the basis of disability when:

1. On January 22, 2014, Complainant's request for a hardship transfer was denied;

2. On January 22, 2014, the Assistant Service Center Manager told Complainant "Just because you have a disability, nobody owes you anything. They don't have to do anything" and "You can't go have a meltdown in Human Resources to get moved;"

3. On February 10, 2014, Complainant's request for reassignment was denied;

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

DEF001269

2                                        2019001818

4. On March 17, 2014, Complainant received a warning of unacceptable performance;

5. On April 1, 2014, Complainant's request for reasonable accommodation was denied; and

6. On April 9, 2014, Complainant was issued a reprimand.

After its investigation into the complaint, the Agency provided Complainant with a copy of the report of investigation and notice of right to request a hearing before an Equal Employment Opportunity Commission (EEOC or Commission) Administrative Judge (AJ).   Complainant timely requested a hearing.  The AJ held a hearing and subsequently issued a decision in favor of the Agency.

The Agency issued its final order adopting the AJ's conclusion that Complainant failed to prove discrimination or a hostile work environment as alleged.  The instant appeal followed.

Pursuant to 29 C.F.R. § 1614.405(a), all post-hearing factual findings by an AJ will be upheld if supported by substantial evidence in the record.  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 477 (1951) (citation omitted).  A finding regarding whether or not discriminatory intent existed is a factual finding.  See Pullman-Standard Co. v. Swint, 456 U.S. 273, 293 (1982).  An AJ's conclusions of law are subject to a de novo standard of review, whether or not a hearing was held.

An AJ's credibility determination based on the demeanor of a witness or on the tone of voice of a witness will be accepted unless documents or other objective evidence so contradicts the testimony or the testimony so lacks in credibility that a reasonable fact finder would not credit it.  See EEOC Management Directive 110, Chapter 9, at § VI.B. (Aug. 5, 2015).

Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that substantial evidence of record supports the AJ's determination that Complainant has not proven discrimination or a hostile work environment by the Agency as alleged.

Accordingly, we AFFIRM the Agency's final order adopting the AJ's decision.

DEF001270

3                                                                      2019001818

<u>STATEMENT OF RIGHTS - ON APPEAL</u>
<u>RECONSIDERATION</u> (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

  1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

  2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision.  A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. <u>See</u> 29 C.F.R. § 1614.405; <u>Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614</u> (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).  All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission.  Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507.  In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period.  <u>See</u> 29 C.F.R. § 1614.604.  The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP).  <u>See</u> 29 C.F.R. § 1614.403(g).  The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request.  Any supporting documentation must be submitted with your request for reconsideration.  The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances.  <u>See</u> 29 C.F.R. § 1614.604(c).

<u>COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION</u> (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title.  Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

**DEF001271**

4                                                                           2019001818

RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

_____
Carlton M. Hadden, Director
Office of Federal Operations

January 14, 2020
Date

DEF001272